[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (PLEADING #114)
Plaintiff Bernard Raxlen seeks a permanent injunction barring CT Page 5496-AAA the Department of Public Health and Addiction Services from enforcing a subpoena duces tecum which the department caused to be served upon him. The subpoena directs the plaintiff, who is a psychiatrist, to appear before the agency with "the complete medical file of patient Amy L. Jans." Dr. Raxlen claims that the records should not be disclosed because the patient has refused to waive the privilege which protects communications between psychiatrists and patients. See General Statutes § 52-146e. Earlier in these proceedings, the court (Moran, J.) issued a temporary injunction barring production of the records. The plaintiff now moves for summary judgment, i.e., a permanent injunction. For the reason stated below, the motion is denied.
"Summary judgment `shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.' Practice Book § 384. . . . Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact, a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." (Citation omitted; internal quotation marks omitted.) Home Insurance Co. v. Aetna Life Casualty Co., 235 Conn. 185, 202-03, 663 A.2d 1001 (1995).
The plaintiff contends that there are no questions of material fact concerning the confidentiality of the patient's records. Thus, he claims he is entitled to summary judgment. The defendant agency, on the other hand, contends there are genuine issues of material fact concerning the confidentiality of the patient's records.
The defendant has demonstrated a genuine issue of material fact as to whether all of the patient's records are shielded from disclosure by the privilege set forth in section 52-146e of the General Statutes. The defendant has submitted documents which show the plaintiff was treating the patient for lyme disease and chronic fatigue syndrome. These documents consist of a letter written by the plaintiff and a billing form used by the plaintiff. The defendant has also submitted an affidavit from a psychiatrist who states that chronic fatigue syndrome and lyme disease are not psychiatric illnesses. The documents and affidavit raise a genuine issue of material fact as whether the privilege applies to all of he records. Accordingly, the motion CT Page 5496-BBB for summary judgment must be denied.
The motion for summary judgment is denied.
THIM, JUDGE